(January 21, 1899.)

## SMITH v. CALDWELL.

[55 Pac. 1065.]

TRUST AND TRUSTEE—AGENCY—RIGHT OF ACTION—STATUTES OF FRAUD.—One, Sullivan, being indebted to the plaintiff, and being about to leave the state, together with the defendant, and for the purpose of securing the payment to the plaintiff of the money so due her from said Sullivan, executed and delivered to James Burns, the brother of plaintiff, and acting as her agent, the following writings: "Pocatello, Idaho, March 4th, 1897. I hereby authorize A. F. Caldwell to sell my property for $2,100.0, and pay James Burns $500.00, in case the property cannot be sold for any more in the next sixty days. (Signed)   Garrett Sullivan. "I hereby comply with the above in case there is a sale made of the property. I have full charge of the property. (Signed) A. F. Caldwell." *Held,* that upon a sale of the property as above set forth, defendant becomes liable to the plaintiff for the sum of $500, and a right of action accrued to her therefor.

GUARANTY.—No question of guaranty can be predicated upon said writings, nor does the transaction come within the statute of frauds.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Thomas F. Terrell and C. A. Warren, for Appellant.

The contention of appellant is that these facts raise three main questions and justify the following conclusions, to wit: 1. That the writing and transaction set forth in the complaint is a pure and simply guaranty; 2. That it is a collateral undertaking to pay the debt of another, without extinguishing the principal debt, and is within the statutes of fraud; and that it cannot be varied, altered, modified or explained in parol; 3. That it is a contract utterly without a consideration, affirmatively appearing from the complaint, and is therefore void. A guaranty is an undertaking to answer for another's liability and collateral thereto. A collateral undertaking to pay the debt of another in case he does not pay it. (1 Bouvier's Law Dictionary, 644; 2 Parson's Bill and Notes, 2d ed., 117; De Callyer on Guaranty, 1; Story on Contracts, sec. 852; *Dole v. Young,* 24 Pick. (Mass.) 252; *Harris v. Frank,* 81 Cal. 280, 22 Pac. 856-858; *Briggs v. Latham,* 36 Kan. 205, 13 Pac. 129, 130; 9 Am. & Eng. Ency. of Law, p. 67, notes; Brandt on Suretyship and Guaranty, sec. 1; *Kearnes v. Montgomery,* 4 W. Va. 29; Idaho Rev. Stats., sec. 6009, subsec. 2; Brandt on Suretyship and Guaranty, sec. 37.) The mere fact that an advantage may incidentally result to the promisor for his oral promise to pay the debt of another is not sufficient to take it out of the statutes of fraud; there must be other evidence that such advantage was the object or consideration of the promise. (*Clapp v. Webb,* 52 Wis. 638, 9 N. W. 796; *Morrissey v. Kinsey,* 16 Neb. 17, 19 N. W. 454; *Ruppe v. Peterson,* 67 Mich. 437, 35 N. W. 82.) A contract, or any portion thereof reduced to writing, cannot be altered by parol evidence. (Clark on Contracts, 565, 566; *Baugh v. White,* 161 Pa. St. 632, 29 Atl. 267.) The complaint must allege a consideration coextensive with and legally sufficient to support the promise as laid and in accordance with the actual facts. (Shipman on Common Law Pleading, 221, 207; *Harding v. Craigie,* 8 Vt. 501; Estee's Pleading, secs. 321, 338, 967; *Prundle v. Car-*

*uthers,* 15 N. Y. 425; *Jerome v. Whitney,* 7 Johns. 321; *Joseph v. Holt,* 37 Cal. 250; *Moore v. Waddle,* 34 Cal. 145-147.)

W. T. Reeves, for Respondent.

We contend that the promise of appellant is not a promise to answer for the debt of Sullivan—not a promise that Sullivan shall pay, but that he will pay. His promise does not depend on the act or conduct of another, but upon his own act. (DeCollyer on Guaranties, Principles and Sureties, 83.) The appellant never at any time agreed to pay or become responsible for the debt of another. (*Hughes v. Fisher,* 10 Colo. 383, 15 Pac. 702; *Putnam v. Farnham,* 27 Wis. 189, 9 Am. Rep. 459; *DeWalt v. Hatzell,* 7 Colo. 601, 4 Pac. 1201; *Mason v. Wilson,* 84 N. C. 51, 37 Am. Rep. 612; Clark on Contracts, 98; *Lucas v. Payne,* 7 Cal. 92.) We do admit that the mere possession of property of the debtor is insufficient, but if while possessed of property of the debtor he is directed that out of the proceeds he pay the debt, and he promises to so apply the fund of the debtor, it then becomes immaterial whether the property was before held or was placed in his hands simultaneously with the making of the promise. (*Mason v. Wilson,* 84 N. C. 51, 37 Am. Rep. 614; *Hughes v. Fisher,* 10 Colo. 383, 15 Pac. 702.) When a duty to pay out of the fund in his hands arises, the promise to pay is collateral. (*Belknap v. Bender,* 75 N. Y. 446,. 31 Am. Rep. 476.)

HUSTON, C. J.—Plaintiff sued defendant to recover the sum of $500, claimed to be due and owing from defendant to plaintiff. Plaintiff recovered judgment in the district court, and, from said judgment and the order overruling motion for new trial, this appeal is taken. The facts as they appear in the record are substantially as follows: Plaintiff held the note of one Garrett Sullivan for the sum of $500, which she had left in the hands of her brother James Burns for collection. Sullivan was about to leave the state, and Burns insisted upon his paying or securing said note; otherwise, he should have him arrested. Thereupon Sullivan went to the house of the defendant, where papers were executed of which the following are copies:

"Pocatello, Idaho, March 4, 1897.

"I hereby authorize A. F. Caldwell to sell my property for $2,100, and pay to James Burns $500 in case the property cannot be sold for any more in the next sixty days.

(Signed)    "GARRETT SULLIVAN."

"I hereby comply with the above in case there is a sale made of the property. I have full charge of the property.

(Signed)    "A. F. CALDWELL."

These papers were subsequently delivered to said James Burns. The property was purchased by defendant, and after such purchase said James Burns, on behalf of his said sister, made demand of defendant of payment of said sum of $500. Payment being refused, this action was brought.

It is contended by appellant: "1. That the writing and transaction set forth in the complaint (being the writing above set forth) is a pure and simple guaranty; 2. That it is a collateral undertaking to pay the debt of another, without extinguishing the principal debt, and is within the statutes of fraud, and that it cannot be varied, altered, modified, or explained in parol; 3. That it is a contract utterly without consideration, affirmatively appearing from the complaint, and is therefore void." None of these contentions are, in our view, maintainable. Sullivan owed plaintiff $500. For the purpose of paying it, he places certain property in the hands of the defendant, with the understanding that the defendant shall sell the same, and out of the proceeds pay the $500 due and owing from said Sullivan to plaintiff. Defendant accepts the trust, disposes of the property, by selling it to himself and another, and then repudiates the trust. If there is or ever was any rule of law making such a transaction a "guaranty," we have never come across it. The agreement evidenced by the writing executed by Sullivan, and delivered to James Burns, established a conditional trust in favor of the plaintiff, of which the defendant was trustee; and the defendant accepted the trust, and thereby became liable to pay to the plaintiff the said sum of $500 upon the happening of the condition precedent upon which such liability on the part of the defendant was predicated, to wit,

the sale of the property. There is no element of guaranty in the transaction. It would be as proper to say that an assignee to whom a debtor had assigned his property for the benefit of his creditors, by the mere act of accepting such assignment, becomes the guarantor of his assignor as to all of his debts.

Appellant cites subdivision 2, section 6009 of the Revised Statutes of Idaho, which is as follows: "A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in the next section is void unless the same or some other note or memorandum thereof be in writing and subscribed by the party charged or by his agent." This provision has no application to the case under consideration. The defendant made no promise to answer for the debt, default or miscarriage of Sullivan. Having property of Sullivan in his hands, he simply agrees to sell it, and apply a portion of the proceeds of such sale to the payment of a debt due from Sullivan to the plaintiff. If he fails to sell the property, or if he does not realize sufficient from the sale of it to pay the amount due plaintiff, he does not incur any liability. The only way in which the defendant can become liable is by pursuing the course he did pursue, according to the record, sell the property, retain the proceeds, and repudiate the trust. Section 6010 of the Revised Statutes of Idaho is as follows: "A promise to answer for the obligation of another in any of the following cases is deemed an original obligation of the promisor, and need not be in writing: 1. Where the promise is made by one who has received the property of another upon an undertaking to apply it pursuant to such promise." The case made by this record comes clearly within this provision of the statute. The claim of counsel for appellant that the property was not received by the defendant "upon an undertaking to apply it" to the payment of the debt due from defendant to plaintiff, because the defendant was in possession of the property at the time the agreement was made, involves a subtlety of distinction which, we admit, we are utterly unable to cope withal. Had the contract or agreement between Sullivan and the defendant rested entirely in parol, the right of action of the plaintiff would have been the same under the provisions of section 6010 of the Revised Statutes.

The objection of appellant's counsel that the agreement of defendant was to pay $500 to James Burns, and not to the plaintiff, cannot be recognized. All of the parties—Sullivan, the defendant, and Burns—well understood that the money stipulated to be paid by defendant to James Burns was money due from Sullivan to the plaintiff; that Burns, her brother, was simply acting as her agent. The plaintiff was the real party in interest from the beginning, and she had never in any way parted with, assigned, or alienated her interest, and, under our code, she was the proper party to bring the action. There being no question of guaranty involved in this case, the brief and argument of appellant has little or no applicability. The facts are simple, and the rule of law applicable thereto so uniformly recognized that further discussion would seem scarcely excusable. The judgment of the district court is affirmed, with costs to respondent.

Quarles, J., concurs.

Sullivan, J., was, by reason of sickness, unable to be present at the hearing of this case.