(December 5, 1905.)

## SHERER v. RUBEDEW.

[83 Pac. 512.]

NOVATION—STATUTE OF FRAUDS.

> 1. Where D. works for R. and on settlement therefor R. agrees to pay C. and S., to whom D. is indebted, the debt thus assumed is the debt of R. and is not within the statute of frauds.
>
> 2. In such case the indebtedness of R. to D. is liquidated by a payment to C. and S., and the effect of the agreement is a substitution of a different payee.
>
> 3. Evidence examined and held sufficient to establish a novation and sustain the verdict and judgment.
>
> (Syllabus by the court.)

APPEAL from District Court in and for Latah County. Honorable Edgar C. Steele, Judge.

Action for debt. From a judgment for plaintiff and an order denying a new trial, defendant appealed. Affirmed.

The facts are stated in the opinion.

Stewart S. Denning, for Appellant.

We maintain that before a party can maintain an action in his own name it must have been on a written contract made at the time the contract was entered into, and not an assignment of a debt to pay an existing indebtedness. (Pomeroy's Rights and Remedies, sec. 172 et seq.; *Robbins v. Deverill,* 20 Wis. 142 (cited under Pomeroy's Rights and Remedies, sec. 173); *Bowman v. Ainslie,* 1 Idaho, 644.) Here, plainly, there was no novation. By Sherer's own showing Rubedow refused to accept the order until the contract was completed. This showing excludes it from *Casey v. Miller,* 3 Idaho, 567, 32 Pac. 195, and brings it strictly within the rule of *Clay v. Walton,* 9 Cal. 329.

George G. Pickett, for Respondent.

This contract is not within the statute of frauds, requiring the promise to pay the debt of another to be in writing. When Rubedew pays this debt he is simply paying his own debt to a different person from the one to whom he originally agreed to pay it. He is simply paying his own debt, and not the debt of another. In support of this position we cite *Casey v. Miller,* 3 Idaho, 567, 32 Pac. 195; *Smith v. Caldwell,* 6 Idaho, 436, 55 Pac. 1065; *Cerrusite Min. Co. v. Steele,* 18 Colo. App. 216, 70 Pac. 1091; *Lewis v. Covillaud,* 21 Cal. 178; *Sacramento Lumber Co. v. Wagner,* 67 Cal. 294, 7 Pac. 705; Brandt on Suretyship and Guaranty, sec. 63. We will not go any further in citing authorities upon this question, as we feel that it is too well settled, but we call the court's attention to the leading case of *Mallory v. Gillett,* 21 N. Y. 412.

AILSHIE, J.—In this case judgment was entered for plaintiff, and defendant appealed therefrom, and from an order denying his motion for a new trial. The appellant contends that the complaint does not state facts sufficient to constitute a cause of action; that the evidence was not sufficient to justify the verdict and judgment, and that certain of the court's instructions were erroneous. The complaint alleges that during the year 1903, Collins & Sherer sold and

delivered to one Fred L. Dahlgren paints and oils for which there was a balance of $60.03 due, no part of which had been paid, and that Dahlgren used the paints and oils so furnished in painting the dwelling-house of the defendant Rubedew in Moscow, Idaho. It is further alleged that Dahlgren had entered into a contract with the defendant by which he agreed to furnish the paints and oils and paint defendant's dwelling-house for the sum of $100; that Dahlgren proceeded to and did perform the work agreed upon, and that the defendant paid him the sum of $40 on the contract price, and that at the time of making such payment the defendant promised and agreed with Dahlgren to pay the remaining sum of $60 to Collins & Sherer for the paints and oils for which Dahlgren was indebted. Plaintiff alleges that Collins & Sherer assigned the claim to the plaintiff, and that thereafter the defendant personally acknowledged to the plaintiff that he had retained the sum of $60 due Dahlgren for the paints and oils, and thereupon promised and agreed to pay plaintiff such sum. We think the complaint clearly states a cause of action against the defendant.

Defendant answered this complaint by denying the principal allegations thereof. At the trial, however, the case resolved itself into practically only one issue. Rubedew admitted that he entered into the contract with Dahlgren whereby Dahlgren was to furnish the material and paint the house for $100, and that he thereafter paid Dahlgren the sum of $40 on the contract. He also admits that he agreed with the plaintiff that he would pay him $60 as soon as the painting contract was completed. It seems that one door lacked a coat of varnish, and a small place on one side of the house was lacking a coat of paint. Defendant claims that under the contract no part of the contract price was payable until the work was completed, and that he was withholding payment until the completion of the contract. Plaintiff produced Dahlgren as a witness, and he admitted that there was a small amount of work to be done on the contract, but he also testified that he had on different occasions offered to complete the work, and at one time was on his way to defendant's

house to complete the work, and that defendant repeatedly refused to allow him to go upon defendant's premises or perform any work on the house, and that on the occasion when Dahlgren had started to complete the work Rubedew told him if he came on the place he would kick him off, and this latter statement is practically admitted by Rubedew. He, however, justifies the statement by saying that Dahlgren was intoxicated, and for that reason he would not have him on his place. The case reduced itself on the trial to the issue as to whether or not the defendant had prevented Dahlgren from completing the contract. On this phase of the case the evidence was conflicting. The court correctly instructed the jury as to the law of the case, and the jury found against the defendant on all the issues. There was sufficient evidence to justify them in so doing. This is a case where the defendant being indebted to Dahlgren, and Dahlgren indebted to Collins & Sherer, defendant, at Dahlgren's request, promised and agreed to pay his (defendant's) debt to Collins & Sherer. Such an agreement is not within the statute of frauds and is not required to be in writing. (Rev. Stats., sec. 6010; *Casey v. Miller,* 3 Idaho, 567, 32 Pac. 195; *Smith v. Caldwell,* 6 Idaho, 436, 55 Pac. 1065.)

Judgment is affirmed with costs in favor of respondent.

Sullivan, J., concurs.