(January 26, 1909.)

## HERMAN STRICKER, Appellant, v. H. HILLIS and E. H. BUTLER, Respondents.

[99 Pac. 831.]

PUBLIC HIGHWAYS—OBSTRUCTIONS—PUBLIC NUISANCE—RIGHT OF PRIVATE PERSON TO MAINTAIN ACTION TO ABATE.

1. Under the provisions of sec. 3656, Rev. Codes, any unlawful obstruction of the clear passage or use in the customary manner of any highway is a nuisance.

2. Under sec. 3657, "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

3. Under the provision of sec. 3665 of Rev. Codes, "a private person may maintain an action for a public nuisance if it is specially injurious to himself, but not otherwise."

4. To authorize a private person to bring an action to abate a public nuisance, the plaintiff must allege and show that he will be specially injured in a different way from the public generally, or deprived of the free use of his own private property.

5. In an action by a private person to abate a public nuisance, consisting of obstructions placed in and upon a public highway, wherein it is alleged that the road is the only one which plaintiff can use in getting out and into the place where he lives, and that the plaintiff's buildings are so located that there is no other way for the use and enjoyment of the same and carrying on his business of farming without constantly using said highway, and wherein it is alleged that his buildings are so situated with reference to the road that to deprive the plaintiff of the use and benefit of the road would require him to move said buildings at great cost; and that

he has a valuable orchard adjoining the road and to deprive him of the use of said road would damage his orchard; and that he has a good and sufficient water right and ditches and laterals, and that if the road is obstructed, he will be compelled to build new ditches, the complaint states special injuries in which the public would not necessarily share or sustain, and states facts sufficient to authorize the plaintiff, a private person, to maintain an action to abate such nuisance.

6. In an action where a private person seeks to enjoin the maintenance of a public nuisance in unlawfully maintaining obstructions in a public highway, where the facts alleged show that the injury sustained by plaintiff is not shared by the general public and are different in kind from those inflicted upon the general public, and are direct and substantial, the complaint is sufficient in this particular to authorize the plaintiff to maintain such action.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Edward A. Walters, Judge.

An action to enjoin a public nuisance in unlawfully placing and maintaining obstructions in a public highway. Demurrer to the complaint sustained. Plaintiff appeals. *Reversed.*

F. A. Hutto, for Appellant.

This road being a public highway, to obstruct it constitutes a nuisance, and the remedy to be invoked is abatement. (Rev. Code, secs. 3656, 3663, 3668.) If it is a public nuisance, this appellant may maintain this action "if it is specially injurious to himself." (Rev. Stat. 1887, sec. 3633; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Redway v. Moore,* 3 Ida. 312, 29 Pac. 104; Jones on Easements, sec. 547; 9 Am. & Eng. Ency. 412; *Hargo v. Hodgdon,* 89 Cal. 623, 26 Pac. 1106; *Shirley v. Bishop,* 67 Cal. 543, 8 Pac. 82, 692; *Schulte v. North Pacific Transp. Co.,* 50 Cal. 592; *County of Yolo v. City of Sacramento,* 36 Cal. 193; *Blanc v. Klumpke,* 29 Cal. 156; *Jackson v. Kiel,* 13 Colo. 378, 16 Am. St. Rep. 207, 22 Pac. 504, 6 L. R. A. 254; *Hogan v. Central Pac. R. Co.,* 71 Cal. 83, 11 Pac. 876; see note at end of last case cited.)

Sweeley & Sweeley, for Respondents.

From sec. 946, Rev. Codes, it will appear that "The road overseer must commence in the proper court an action to abate the same as a nuisance." In the case of *Stufflebeam v. Montgomery*, 3 Ida. 20, 26 Pac. 125, this court held that an action to abate a nuisance caused by an obstruction of a public highway can be prosecuted only by the road overseer. We find no change, either by statute or by decision, of the law there announced, and cite it as decisive of the question at issue.

As shown by the allegations of the complaint, the obstructions complained of were of the highway itself, and affected the public generally. They were not so placed as to prevent the appellant from getting on to the highway from his own premises, but were of such a character as to prohibit the free use of the highway by the general public. This being true, the case comes under the rule announced by this court and by the courts of other states. (*Aram, Trustee etc. v. Schallenberger*, 41 Cal. 449; *San Jose Ranch Co. v. Brooks*, 74 Cal. 463, 16 Pac. 250.)

STEWART, J.—This action was commenced by appellant to restrain the defendants from "plowing up, fencing, or in any manner obstructing" a public highway. A demurrer was filed to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and was sustained by the trial court. The plaintiff declined to amend, and judgment was entered for the defendants. This appeal is from the judgment. The sole question presented upon the oral argument and in the briefs of counsel is: Does the complaint state facts sufficient to authorize the plaintiff to maintain this action? The position taken by counsel for respondent and with which the trial court seems to have agreed is, "the only situation which authorizes a suit by an individual who claims to be injured through an obstruction to a highway is where the obstruction is so placed as to prevent him from getting to the highway. If it is in the highway it-

self, and obstructs that thoroughfare so as to interfere with the passage by the public generally, the action must be brought by the road overseer, even though the person complaining is interfered with or damaged more than any other person.''

Rev. Codes, sec. 3656, declares any unlawful obstruction of the clear passage or use, in the customary manner, of any highway a nuisance, and sec. 3657 defines a public nuisance as ''A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal.'' Under the allegations of the complaint the defendants were main-taining and threatening to maintain a public nuisance, in that it is alleged that they were unlawfully obstructing the free passage or use in the customary manner of a highway. Under the provisions of sec. 3665, ''A private person may maintain an action for a public nuisance if it is specially in jurious to himself, but not otherwise.'' It therefore clearly appears that a private person is authorized by statute to maintain an action to abate a public nuisance, and in this case the plaintiff is fully authorized to maintain this action if the facts alleged bring the case within the provisions of the statute. In discussing the question of the right of a private person to maintain an action to abate a public nuisance, in the case of *Redway v. Moore,* 3 Ida. 312, 29 Pac. 104, this court said:

''Under the provision of that section a private person may have an action to abate or restrain the continuance of a public nuisance, provided he alleges and shows that such nuisance is specially injurious to himself.''

In the case of *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461, this court quotes with approval the above language and says:

''We think this a correct construction of the statute, and further, that the parties brought themselves within its terms in this complaint. They allege special damage to themselves by reason of the obstruction in the south channel of the Clearwater river, and state in plain and concise language the reasons why their damage is different from that of the general

public; whether they were able to establish this allegation or not has nothing to do with the pleading.''

A case more nearly in point, and applicable to the allegations now under consideration, and which we think states the rule clearly, is *Blanc v. Klumpke*, 29 Cal. 156, in which the supreme court of California holds:

''Now, it is alleged by the plaintiff in express terms that by reason of the alleged obstructions he is deprived of the free and unobstructed use and enjoyment of his property, and that access and egress to and from the same is obstructed and cut off on the easterly side thereof toward the bay of San Francisco, and that the rental value thereof is greatly diminished thereby. Whether this be so or not is the thing to be tried, and we think the facts are sufficiently alleged to entitle the plaintiff to the opinion of a jury thereon.''

The authorities bearing upon this question are collected and reviewed in Elliott on Roads and Streets, 2d ed., secs. 665 and 666. In the light of these authorities, and governed by the rules announced therein, we think the complaint states facts sufficient to authorize the plaintiff to maintain this action.

It is alleged in the complaint that the highway is used by the plaintiff constantly as a way of egress and ingress; that his residence is a United States postoffice, and that the United States mail is conveyed to him from the postoffices along said road, and that it is the only road of any nature or kind that runs any way near to the plaintiff's home, and that it is the only road that the plaintiff can use in getting out and into the place where plaintiff lives, and that plaintiff's house, outhouses and barns are built along and on said road within a few rods thereof and have been so built for many years, and they are so built as to face said road with no other way for the plaintiff to attend to the necessary business in which he is engaged, that of farming, without constantly using said road and no other; that the buildings are of the value of more than $3,000, and all so situated to said road that to deprive this plaintiff of the use and benefit of said road would compel the plaintiff to move most of said buildings at

a cost of $200; that there is a valuable orchard adjoining said road, and to deprive the plaintiff of the use of said road would damage the orchard in the sum of $50; that plaintiff has a good and sufficient water right for all of his land, has all his ditches and laterals complete and in operation, and if the road is stopped up and obstructed, the plaintiff will be compelled to build many new ditches and laterals to his great damage; that without said road, as above stated, the land of the plaintiff will be greatly impaired and damaged by virtue of the plaintiff not being able to properly care for the same.

These allegations seem to bring the plaintiff's cause of action clearly within the rule announced by this court and the authorities generally, and that is, that to authorize a private person to bring an action to abate a public nuisance, the plaintiff must allege and show that he will be specially injured in a different way from the public generally or deprived of the free use of his own private property. The allegation, that the road is the only one which plaintiff can use in getting out and into the place where he lives states a special injury different from that sustained by the general public. The allegation that the plaintiff's buildings are so located that there is no other way for the use and enjoyment of the same, and carrying on his business of farming without constantly using said highway, is another allegation of special injury different from that sustained by the general public. The allegation that his buildings are so situated with reference to the road that to deprive the plaintiff of the use and benefit of the road would require him to move said buildings at great cost, states another special injury different from that to the general public; that he has a valuable orchard adjoining the road and to deprive him of the use of said road would damage his orchard, states another special injury; that he has a good and sufficient water right and ditches and laterals and that if the road is obstructed, he will be compelled to build new ditches to his damage, states another special injury.

These allegations state special injuries which will be sustained by the plaintiff, and not by the general public; they

are special, in the sense that they are direct and substantial, and in which the public would not necessarily share. While it is true the general public might sustain injury by reason of the obstructions being placed in the highway, yet it would not follow from the allegations in the complaint that the general public would be affected in the same manner as the plaintiff or suffer damages in the same way. Since the case of *Blanc v. Klumpke,* 29 Cal. 156, was decided, the supreme court of that state has had occasion at different times to discuss this question. The cases are commented upon in the case of *San Jose Ranch Co. v. Brooks,* 74 Cal. 463, 16 Pac. 250. In the latter case the court states the facts as alleged in the complaint to have been as follows:

"That the defendants have obstructed a public highway in such a manner as to prevent the plaintiff having ingress or egress to and from a tract of land which it owns, situated at a point in a canyon above the place where the obstruction is placed, and which prevents it from making any use of its land which it desires."

From these allegations the court concludes that the plaintiff did not show a special injury different from that to the general public; that although the injury alleged might be greater in degree than that sustained by the general public, yet the way in which the injury is inflicted is the same, as all parties would be restrained from traveling toward different points and for different purposes by the same barrier, but as the barrier was not erected so that all persons except plaintiff could get into the public road at their land, the injury was not special. This case, however, while it reviews *Blanc v. Klumpke, supra,* yet does not purport to overrule the same, and the latter case may still be recognized as authority in the state of California. In our opinion it states the correct rule, and is supported by the weight of authority upon this question.

A very full discussion of this matter will be found in the case of *Stetson v. Faxon,* 19 Pick. 147, 31 Am. Dec. 123, and the annotations appended thereto; also, *Cushing-Wetmore Co. v. Gray,* 152 Cal. 118, 125 Am. St. Rep. 47, 92 Pac. 70. We

think it therefore clearly appears from the allegations contained in the complaint that this case falls within the rule that special injuries are shown to have been sustained by the plaintiff, and that by reason of the alleged public nuisance he will be deprived of the free use of his own private property.

The judgment will be reversed and the trial court directed to overrule the demurrer to the complaint. Costs awarded to appellant.

Ailshie, J., concurs.