(January 31, 1910.)

# HERMAN STRICKER, Appellant, v. H. HILLIS and E. H. BUTLER, Respondents.

### [106 Pac. 1128.]

NONSUIT—SUFFICIENCY OF EVIDENCE—NUISANCE—ACTION FOR DAMAGES BY PRIVATE PARTIES.

1. Evidence in this case examined, and *held* that it was error for the trial court to grant a nonsuit on the evidence submitted.

2. *Held,* that the evidence in this case proved or tended to prove the material allegations of the complaint.

3. Where, by reason of an obstruction in a public highway, an individual has suffered a loss not common to the public and in which the public do not share, he should be allowed to maintain his action for the injury sustained. To have suffered in a different manner or extent from the public at large is to have received a special and peculiar damage for which a recovery may be had by a private party.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for the County of Twin Falls. Hon. Edward A. Walters, Judge.

Action by plaintiff against the defendant for damages caused by obstructing and closing up a public highway, and to enjoin and restrain the defendants from continuing such acts. Judgment for the defendants and plaintiff appealed. *Reversed.*

F. A. Hutto, for Appellant.

The defendants, by their motion for nonsuit, "admit all the facts of which there is any evidence, and all the facts which the evidence tends to prove." (*Later v. Hayward,* 12 Ida. 78, 85 Pac. 494.)

By obstructing this road, Stricker is specially injured, and therefore has a right to abate this nuisance by his action here filed. (*Stricker v. Hillis,* 15 Ida. 709, 99 Pac. 831; *Blanc v. Klumpke,* 29 Cal. 156.)

M. J. Sweeley, for Respondents.

It appears from the proof submitted by appellant that although the alleged highway was obstructed to the east of his farm, yet he had a way of egress and ingress, that he could use his farm in all ways just as he did before the obstruction complained of, and that as between him and the rest of the public his injuries were in degree only and not in kind. As to his claim that people would not come to his place for board and lodging, the facts are such as to bring the case within the rule announced by this court in *Stufflebeam v. Montgomery*, 3 Ida. 20, 26 Pac. 125.

AILSHIE, J.—This case was before this court at the January, 1909, term on the sufficiency of the allegations of the complaint. The court held that the complaint stated a cause of action and that the demurrer should have been overruled. (*Stricker v. Hillis*, 15 Ida. 709, 99 Pac. 831.) The cause was remanded, with direction to the court to overrule the demurrer. After the case was remanded the plaintiff amended his complaint and added an additional allegation to the effect that prior to the close of the Boise-Kelton road on the east of plaintiff's premises and residence, he had been running a wayside inn or hotel and depending on such business for earning a livelihood, and that his hotel was on the main thoroughfare along which the public generally traveled, and that to close up this road and shut off the travel by way of plaintiff's place would greatly damage him in that it would destroy his business. The case went to trial on the complaint as amended, and after plaintiff had introduced his evidence and rested his case the defendant moved for a nonsuit, which motion was sustained by the court. Several grounds appear to have been urged in support of the motion, but the court in the order and judgment recites that "the defendant moved for a nonsuit against the plaintiff for the reasons, among others, that the plaintiff has not proved the material allegations of his complaint, and that the plaintiff cannot maintain his action but that it should have been commenced and pros-

ecuted, if at all, by the road overseer of the district in which the road in question is located.'' Judging from this recital in the order, we infer that the court sustained the motion on the ground that the plaintiff could not maintain the action— that he had not shown any damage different from that sustained by the public generally.

We shall not review or comment on the evidence here. A new trial must be had, and any extended recital or comment on the evidence might influence the final determination of the case in the lower court. There is evidence in the record sustaining, or at least tending to sustain, the allegations of the complaint,. and it has already been. determined that the complaint states a cause of action. There is evidence in this record tending to show that the Kelton-Boise trail where it crossed the lands of appellant and respondents was a public highway at the time it was closed by respondents. There is likewise evidence in the record showing, or tending to show, that appellant has sustained damage by reason of closing this road different both in kind and degree from that sustained by the general public. Where, by reason of an obstruction in a public highway, an individual has suffered a loss not common to the public and in which the public do not share, he should be allowed to maintain his action. To have suffered in a different manner or extent than the public at large is to have received a special and peculiar damage for which a recovery may be had. (Sec. 3665, Rev. Codes; *Stetson v. Faxon,* 19 Pick. 147, 31 Am. Dec. 123, and note; *Milarkey v. Foster,* 6 Or. 378, 25 Am. Rep. 531, and note; *Stricker v. Hillis,* 15 Ida. 709, 99 Pac. 831, and cases cited.) This court has previously held that a motion for a nonsuit ''admits the existence of every fact which the evidence tends to prove or which can be gathered from any reasonable view of the evidence.'' (*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494; *Bank of Commerce v. Baldwin,* 12 Ida. 211, 85 Pac. 497.)

The motion for nonsuit should have been denied. The judgment is *reversed,* and a new trial granted. Costs awarded in favor of *appellant.*

Sullivan, C. J., and Stewart, J., concur.