(March 3, 1911.)

# J. A. MINEAU, Appellant, v. IMPERIAL DREDGE AND EXPLORATION CO., Respondent.

[114 Pac. 23.]

NONSUIT—PRIMA FACIE CASE—SUFFICIENCY OF EVIDENCE—ASSUMPTION OF PRE-EXISTING INDEBTEDNESS.

(Syllabus by the court.)

1. The rule with reference to granting of nonsuits as announced by this court in *Later v. Haywood,* 12 Ida. 78, 85 Pac. 494, and followed in *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497, and *Stricker v. Hillis,* 17 Ida. 646, 106 Pac. 1128, followed and approved.

2. Evidence in this case examined and considered, and held that it was sufficient to make out a *prima facie* case, and that it was error to take the case from the jury and dismiss the action.

3. Where the evidence tends to show that one corporation has purchased all the property and rights of another corporation, which has been engaged in business, and as a part of the consideration for such purchase and transfer the purchaser has agreed to assume and pay the outstanding debts and liabilities of the old corporation, such a transaction constitutes the liability of the new company to pay such indebtedness and original obligation, which is not required to be in writing under the statute of frauds.

APPEAL from the District Court of the Fourth Judicial District, for the County of Elmore. Hon. Edward A. Walters, Judge.

Action for debt. Judgment for defendant. Plaintiff appeals. *Reversed.*

K. I. Perky, L. B. Green and John F. MacLane, for Appellant.

On motion for nonsuit, "the defendant admits the existence of every fact which the evidence tends to prove, or which can be gathered from any reasonable view of the evidence." (*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494.)

For a good and valuable consideration respondent agreed to pay and discharge the debts due, and liabilities to third persons. It received the property for that express purpose, and upon that consideration the promise was made, and the authorities show that, in such cases, the party for whose benefit the promise is made may maintain an action against the promisor. (*Morgan v. Overman Silver Min. Co.*, 37 Cal. 534; *Flint v. Cadenasso*, 64 Cal. 83, 28 Pac. 62.)

The promise of the respondent to pay Mineau's debt, among the others assumed by it, was based on "a consideration beneficial to the promisor," viz.: The receipt of the Utility Company's property. Such promises are not within the statute. (*Wait v. Wait's Exr.*, 28 Vt. 350; *Sherer v. Rubedew*, 11 Ida. 536, 83 Pac. 512; 23 Cent. Dig., col. 1886, sec. 29, collecting cases.)

E. M. Wolfe, for Respondent.

The evidence does not show that the Imperial Co. had any knowledge that plaintiff had any claim against the Utility Power Co. at the time it took possession of the property, or that the Utility Power Co. did not receive value for such property as it sold to the Imperial, if it sold any, or that the Utility Co. was unable to pay its obligations, or that the plaintiff made any effort to collect his obligation from the Utility Co. If the property of the Utility Co. had been transferred to the Imperial Co. with a fraudulent intent, on the part of this defendant, to defraud creditors of the Utility, then, in that case, the property would be a trust fund, and could be held by the creditors in a proper suit against the Imperial Co.

This fact, however, could not be shown except in a proper case and upon proper pleadings. (See *Anderson v. War Eagle Con. Co.*, 8 Ida. 789, 72 Pac. 671.)

AILSHIE, Presiding J.—This is an appeal from a judgment and an order denying a motion for a new trial. After the plaintiff had submitted his evidence and rested his case, the de-

fendant moved for a nonsuit, which motion was allowed and the case was withdrawn from the jury and dismissed.

The action was instituted by the plaintiff to recover a commission for the sale of water rights for certain arid lands and securing settlers for such lands. The plaintiff claimed that he had a contract with the defendant, the Utility Power Co., Ltd., whereby he was to procure settlers for certain arid lands situated in Ada county, and sell them water rights for such lands, and that for his service in doing so he was to realize the sum of $5 per acre as commission; that in pursuance of the terms of that contract he procured settlers and sold water rights for a large tract of land, and that the defendant was indebted to him accordingly. He further alleged that the Utility Power Co., Ltd., sold and transferred all of its property to the defendant, the Imperial Dredge & Exploration Co., and that as a consideration therefor the latter company promised and agreed to pay all the outstanding debts and obligations of the former company, which included the indebtedness of the Utility Power Co. to this plaintiff.

The action was dismissed as to the Utility Power Co. and proceeded thereafter against the Imperial Dredge and Exploration Co. alone, which company is the only respondent in this court.

The respondent contended in the lower court and contends here that the evidence was not sufficient to establish any liability on the part of the respondent, or that respondent ever assumed the indebtedness to the appellant, either by direct promise or contract or by implication of law. The appellant, on the other hand, contends that he made a *prima facie* case sufficient to go to the jury, and that the court erred in taking the case from the jury.

The evidence in the record is quite clear that the plaintiff had a contract with the Utility Company as alleged in his complaint, and that he procured certain settlers and sold a number of water rights in accordance with the terms of his contract. The evidence is not so strong, however, on the question as to the liability of the Imperial Dredge and Exploration Co. There is evidence which tends to show that the

dredge company purchased all the property and rights of the Utility Power Co. and succeeded to all of its properties, rights and franchises, and there is likewise some evidence tending to show that in consideration of the sale and delivery to it of such property and rights, it agreed to assume the debts and liabilities of the old company.

It appears that Mr. Benjamin A. Dare was the agent and representative in Idaho of the Utility Power Co. until it went out of business, and that after the sale and transfer of its property and rights to the Dredge and Exploration Co., Mr. Dare was the agent and representative in Idaho of the latter company. This fact is quite clearly established. One witness testifies that Mr. Dare assured him over and over again that the Dredge and Exploration Co. would settle certain claims he had against the old company, and that "something was said at that time by Mr. Dare about the Imperial Dredge and Exploration Co. assuming the indebtedness of the old company; I asked him if this would affect my claim in any manner, and he assured me that the new company had assumed the obligations of the old one; would no doubt be able to make settlement." Another witness testified as follows: "To my knowledge, Mr. Dare acted as manager of this company after July 1, 1907, until December 22d or 23d of the same year, during which time I took up with him the question of the indebtedness of the Utility Power Co. to me for work performed between January 1, 1907, to July 1, 1907. That indebtedness was assumed by the Imperial Dredge and Exploration Co. by certificate handed to me by the manager, Dare." Another witness, speaking of a conversation with Mr. Dare with reference to the liability and indebtedness of the Dredge and Exploration Co. to pay the debts and obligations of the Utility Power Co., says: "With reference to the liability of the Imperial Dredge and Exploration Co. to pay these notes and take them up, he stated to me that they were going to take up this note because they had assumed the obligations; words to that effect,—the obligations of the old company, the Utility Power Co.; the note was made payable to them."

It also appears that they paid off numerous other claims held against the old company, and that the agent of the new company had repeatedly told creditors of the old company that they would pay off such obligations. It is true that the evidence is meager and rather indefinite, but under the rule that has been adopted and uniformly followed by this court, it is quite clear to us that the evidence made a *prima facie* case, and was sufficient to go to the jury, and that it was error to grant a nonsuit.

In *Later v. Haywood*, 12 Ida. 78, 85 Pac. 494, this court said: "On a motion by the defendant for nonsuit after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence and all the facts which the evidence tends to prove." The same rule has been subsequently approved, reaffirmed and followed in *Bank of Commerce v. Baldwin*, 12 Ida. 202, 85 Pac. 497, and *Stricker v. Hillis*, 17 Ida. 646, 106 Pac. 1128.

Since this case must again be tried, we will refrain from making further comment on the evidence. We are satisfied that there was sufficient evidence produced at the trial to entitle the plaintiff to have the case submitted to the jury.

The respondent relies on the case of *Anderson v. War Eagle Consolidated Mining Co.*, 8 Ida. 789, 72 Pac. 671, in support of its contention that the evidence failed to establish any liability on the part of the Dredge and Exploration Co. to pay this debt. We have no inclination to depart from the rule announced in that case. In that case, however, it was sought to fix the liability of the former company upon its successor, as a matter of law, independent of proofs. It will be seen that the War Eagle case differs from this, in that there was evidence submitted in the present case *tending to show* the assumption of liability by the new company which succeeded to the rights of the old company, and that this assumption of liability was an original obligation, or, in other words, was another means of paying its own debt. Instead of paying the purchase price for the property directly to the Utility Power Co., the Dredge and Exploration Co., apparently undertook

to pay the purchase price by paying the creditors of the old company. If this be true, as it would appear, or at least, *tends to appear,* from the evidence in the record, it would be an original obligation, and fall within the rule announced by this court in *Sherer v. Rubedew,* 11 Ida. 536, 83 Pac. 512. (See sec. 6010, Rev. Codes.)

For the foregoing reasons the judgment must be reversed, and it is so ordered, and a new trial is granted. Costs awarded in favor of appellant.

Sullivan, J., and Budge, District Judge, concur.