(February 21, 1906.)

# PETER LATER et al., Appellants, v. MARTHA HAY-WOOD, Respondent.

[85 Pac. 494.]

PRIVILEGED COMMUNICATIONS — ATTORNEY AND CLIENT — NONSUIT ON PLAINTIFF'S EVIDENCE—SUFFICIENCY OF EVIDENCE ON MOTION FOR NONSUIT.

1. Communications which pass between one who is merely acting as a conveyancer or friendly adviser and the grantor or grantee are not privileged communications under the provisions of subdivision 2 of section 5958 of the Revised Statutes, which protects communications which pass between attorney and client in the course of professional employment.

2. On a motion by the defendant for nonsuit after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove.

3. A case should not be withdrawn from the jury on motion for nonsuit after the plaintiff has introduced his evidence, unless the conclusion from the evidence necessarily follows, as a matter of law, that no recovery could be had upon any view which could reasonably be drawn from the facts which the evidence tends to establish.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Fremont County. Hon. J. M. Stevens, Judge.

Plaintiffs appealed from a judgment of nonsuit. *Reversed, and new trial ordered.*

Caleb Jones, for Appellants.

A motion to make the complaint more certain, under our code, will not lie. Such an objection must be taken by demurrer. (*Naylor v. Loan etc. Co.*, 6 Idaho, 251, 55 Pac. 297; *Palmer v. Utah etc. Ry. Co.*, 2 Idaho, 315, 13 Pac. 425; *Aulbach v. Dahler et al.*, 4 Idaho, 654, 43 Pac. 322; Idaho Rev. Stats. 1887, sec. 4178.)

The relation of attorney and client must exist before communications can be deemed privileged, under section 5958 of

the Revised Statutes. (*Basye v. State,* 45 Neb. 261, 63 N. W. 811; *In re Monroe,* 20 N. Y. Supp. 82; *Haulenbeek v. McGibben,* 60 Hun, 26, 14 N. Y. Supp. 393; *Granger v. Warrington,* 8 Ill. 299; *Scales v. Kelley,* 70 Tenn. (2 Lea) 706; Jones on Evidence, sec. 769; 2 Rice on Evidence, sec. 2899.)

Where several persons carry on the same business together, they are presumed to be partners. (1 Jones on Evidence, sec. 48.) Partners, in a general partnership, suing as such, may prove their partnership by the testimony of a partner. (Abbott's Trial Evidence, p. 204.) The presumption is that persons acting as copartners have entered into a copartnership. (1 Rice on Evidence, 54.)

It is a general rule of law that partnership rights, and obligations of a firm continue, even after ceasing to do business, for the purpose of settling the affairs of the firm. (*Corbin v. Henry,* 36 Ind. App. 184, 74 N. E. 1096.)

No cause of action should ever be withdrawn from the jury unless the conclusion from the facts necessarily follows as a matter of law that no recovery could be had upon any view which could be reasonably drawn from the facts which the evidence tends to establish. (*Great Northern Ry. Co. v. McLaughlin,* 70 Fed. 673, 17 C. C. A. 330; *Cain v. Gold Mountain Min. Co.,* 27 Mont. 529, 71 Pac. 1004; *Nord v. Boston etc. Silver Min. Co.,* 30 Mont. 48, 75 Pac. 681; *McCabe v. Montana Cent. Ry. Co.,* 30 Mont. 232, 76 Pac. 701; *Edmisson v. Drumm-Flato Commission Co.,* 13 Okla. 440, 73 Pac. 958.)

Holden, Holden, Holden & Holden, for Respondent.

Decisions upon mere matters of practice will not be disturbed, even if erroneous, unless it is apparent that injustice will likely result from adherence thereto, or a change will not work a wrong. (*Carr, Ryder & Adams Co. v. Closser,* 27 Mont. 94, 69 Pac. 560.)

The supreme court of California has decided that an objection to the complaint for uncertainty should be made by motion, and not by demurrer. (*San Francisco Paving Co. v. Fairfield,* 134 Cal. 220, 66 Pac. 255; *City Carpet Beating Works v. Jones,* 102 Cal. 506, 36 Pac. 841.)

The exclusion of evidence cannot be reviewed, where no offer to prove the facts sought to be elicited was made. (*Tague v. John Caplice Co.*, 28 Mont. 51, 72 Pac. 297; *First Nat. Bank v. Oregon Pulp etc. Co.*, 42 Or. 398, 71 Pac. 971.)

When a party moves for judgment on the pleadings, he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations, which have been denied by his adversary. (*Walling v. Brown,* 9 Idaho, 184, 72 Pac. 960; *United States ex rel. Search v. Choctaw etc. R. Co.*, 3 Okla. 404, 41 Pac. 729.)

When an action is brought in the name of a party shown by the proof to have no interest in the cause of action, so that to bring in the real party in interest would not amount to a joinder of another party in interest with plaintiff, but the substitution of one party for another, there is a fatal variance. (1 Spelling on New Trial and Appellate Practice, sec. 341.)

## STATEMENT OF FACTS.

The plaintiffs, who are appellants in this court, commenced their action in the district court in and for Fremont county, on the eleventh day of January, 1905, praying that a certain deed made by George E. Hill, Sr., to Martha Haywood, though absolute in form, be declared to be a mortgage on the ground that such deed was given only for the purpose of securing the payment of a loan from the defendant Haywood, to Frederick R. Hays. The plaintiff also prayed that they be adjudged and decreed successors in interest of George E. Hill, Sr., and Frederick R. Hays, and that it be decreed that they are the legal owners of the property described in the deed, and that the defendant be required to convey the legal title to the plaintiffs, upon their paying the amount of the loan, with interest. It appears that the plaintiffs, Peter Later, Richard Later and Samuel S. Later, had been, for a number of years, prior to the commencement of the action, copartners, doing business under the firm name and style of Later Bros., and that prior to the commencement of the action the firm had been dissolved, and

the business and accounts of the firm had been turned over to the Rigby Hardware, Lumber and Manufacturing Company, a corporation which had been organized by the Later Bros., to succeed to the rights and interest of the copartnership. It was also agreed and understood that any debts or accounts that could not be collected by the corporation should be turned back to the Later Bros.

About the fifteenth day of July, 1902, the plaintiffs made a contract with George E. Hill, Sr., to build a house for him on his ranch, and in the course of the business dealings agreed to take in payment for their services and materials furnished certain real property consisting of some town lots and the buildings thereon in the town of Rigby, at a consideration of $675. The plaintiffs in the meantime had a conversation with one of their employees, Frederick R. Hays, whereby they agreed to secure for Hays the property involved in this action either by purchasing the same or by assisting him in raising the purchase price. In the course of plaintiffs' business dealings with Hays, a loan was secured through them from the defendant Martha Haywood, in the sum of $400, for the use and benefit of Hays, the defendant making the loan on the agreement and understanding that she should receive an absolute deed to the property as security for the loan. This appears to have been agreed to by all parties interested, and a deed was made and executed by George E. Hill, Sr., in favor of the defendant Haywood, and was delivered by Hill's son to the Later Bros., and the $400 cash was paid by the defendant to Later Bros., for the use and benefit of Hays, whereupon the deed was delivered by them to the defendant. At the time of the payment of the loan, and the receipt of the deed of conveyance, a contract was entered into, whereby the defendant agreed to reconvey the property to Frederick R. Hays, upon the payment of the amount of the loan, together with the interest thereon. At the time of this transaction there was due to Hays from the Later Bros., the sum of about $100 for labor. The amount of the loan and the $100 was paid to Hill on the purchase price for the property, and the Later Bros. paid Hill the difference. About two weeks thereafter, Hays executed and

delivered to the Rigby Hardware, Lumber and Manufacturing Company, his promissory note for the sum of $184, being the difference between the purchase price for the property, together with the amount of money which the Later Bros. had to his credit, and the purchase price paid to Hill for the property. Some months after the purchase had been made, and the loan secured, Hays executed and delivered a quitclaim deed in favor of the plaintiffs, the Later Bros., for the property in dispute. The plaintiffs introduced their evidence tending to establish the allegations of their complaint, and, after they had rested their case, the defendant moved for a nonsuit, which motion was granted.

AILSHIE, J. (After stating the facts.)—The first four assignments of error go to rulings of the court in settling the issues in the case. These were matters addressed to the discretion of the trial court, and we find no abuse of that discretion in this case. The fifth and sixth assignments are predicated on the denial of motions by plaintiff to have default entered against defendant. While the defendant was, as a matter of fact, in default, in the strict sense, it was within the power and discretion of the court to extend and enlarge the time for answering, and no injury appears to have resulted from such action.

The seventh assignment is that the court erred in sustaining defendant's objection to the admission of the evidence of J. F. Bonham. The witness was called, and, after being sworn, testified that he had resided at Rigby, and was acquainted with Later Bros., and also with the defendant; that he had talked with Mrs. Haywood in relation to the matter at issue about one year prior to the trial of the case. It was shown by the witness that he had never been admitted as an attorney in any court, and that he did not hold himself out as such, but that, on the other hand, he was a conveyancer and kind of general counselor and adviser of the people in the village of Rigby. He advised his neighbors and friends concerning business and legal transactions which arose among them. It does not appear that he had ever been employed by defendant as a legal

adviser in this matter.   It is sufficient to say that so far as the record discloses, the witness was not disqualified under subdivision 2 of section 5958 of the Revised Statutes.

The last assignment is made against the action of the court in granting a nonsuit.   This action was taken under subdivision 5 of section 4354 of the Revised Statutes.   A careful perusal of the record convinces us that the evidence produced by the plaintiffs was sufficient to put the defendant to her proof.   The evidence, at least, tended to prove all the material allegations of the complaint.   The rule requiring the evidence in such cases as the one at bar to be clear and convincing applies only to the determination of the case on the evidence after both sides have submitted their proofs, and has no application to a case where the defendant, resting on plaintiffs' proof alone, moves for nonsuit.   By such a motion the defendant admits the existence of every fact which the evidence tends to prove, or which can be gathered from any reasonable view of the evidence.   (*Great Northern R. R. Co. v. McLaughlin,* 70 Fed. 673, 17 C. C. A. 330; *Cane v. Gold Mountain Min. Co.,* 27 Mont. 529, 71 Pac. 1004; *Railroad Co. v. Everett,* 152 U. S. 107, 38 L. ed. 373, 14 Sup. Ct. Rep. 474; *Cravens v. Dewey,* 13 Cal. 40; *McKee v. Greene,* 31 Cal. 418; *Fenton v. Millard,* 81 Cal. 540, 21 Pac. 533, 22 Pac. 750; *Lewis v. Lewis,* 3 Idaho, 645, 33 Pac. 38; *Edmisson v. Drumm-Flato Commission Co.,* 13 Okla. 440, 73 Pac. 958; 6 Ency. of Pl. & Pr. 441.)   It is also contended that there was a fatal variance between the allegations of the complaint and the proof submitted.   Respondent argues that the evidence shows that whatever claim or cause of action has been disclosed belongs to the Rigby Hardware, Lumber and Manufacturing Company, a corporation, and not to the plaintiffs.   This contention rests on the fact that the Later Bros. were the incorporators of the new company, and that the corporation appears to have succeeded to all the property and rights of the Later Bros.   It also appears that the copartnership known as Later Bros. was dissolved sometime prior to the commencement of this action. It was shown, however, that the accounts were turned over to the corporation only conditionally, and that such as might

not be collected within a given time should be turned back. So far as disclosed by the record, the right of action rests in the plaintiffs, and a recovery by them will be a bar to a recovery on the same cause of action by the Rigby Hardware, Lumber and Manufacturing Company. If any assignment of the subject matter of the cause of action has ever been made—which fact does not appear—it is not shown that the defendant has ever had any notice thereof either actual or constructive. The dissolution of the partnership does not preclude the maintenance of an action for the collection of debts and liabilities due, nor from recovering property that belonged to the firm.

The judgment must be reversed, and it is so ordered, and the cause is remanded for a new trial. Costs awarded to appellants.

Sullivan, J., concurs.

STOCKSLAGER, C. J., Dissenting.—I cannot concur in the conclusion reached by my associates, for the reason that I do not believe the plaintiffs are entitled to any relief. Before a plaintiff can recover in a civil action of this character, he must show he is the real party in interest. In this case Later Bros. plead they are entitled to the relief prayed for, and if they prove anyone is entitled to an equity in the property in controversy, it is the Rigby Hardware, Lumber and Manufacturing Company. The proof shows that Later Bros. and others organized a corporation called the Rigby Hardware, Lumber and Manufacturing Company; that corporation took over all the assets of Later Bros. Later Bros. ceased to exist as a copartnership after the incorporation of the Rigby Hardware, Lumber and Manufacturing Company, and the equity, if any, in the property in controversy, passed to the Rigby Hardware, Lumber and Manufacturing Company as one of the assets of Later Bros.; the corporation is still in existence. We find a letter in the record that throws much light on the question before us.

"Rigby, Idaho, June 21, 1904.

"Mrs. Martha Haywood, Rigby, Idaho.

"Dear Madam: Your proposition made to us through Richard Later to pay us $140 in full for our claim against the property you hold as security for loan, being lots 5 and 6, block 2, town of Rigby, has been considered by the directors of our company and refused. We feel that this company has been as generous with you in this matter as any sane person could wish. We wish to avoid trouble and foreclosure proceedings, but in this matter you certainly cannot object to the ultimate result of such procedure. The members of our company insist on immediate action being brought to recover the amount due us, with interest, and have instructed the undersigned to notify you that unless you pay to this company before the morning train leaves for St. Anthony Friday, the 23rd inst. the sum of $150.00 (being the proposition made to you on the 18th inst.) the said proposition will be off, and we shall go to the county seat and institute foreclosure proceedings. This proposition is final and do not expect further overtures from us, for none will be made.

"Most respectfully yours,
"THE RIGBY HARDWARE, LUMBER & MANU-
FACTURING COMPANY,
"Per GEORGE HILL, Jr.,
"Secretary and Treasurer."

This letter would indicate that the business officer of this corporation believed the Rigby Hardware, Lumber and Manufacturing Company had some kind of a claim against respondent. There is no dispute about the claim referred to being the same one upon which this action is predicated. The record fails to disclose any transfer of this claim from the Rigby Hardware, Lumber and Manufacturing Company to Later Bros. after the time this letter was written and the commencement of this action. The motion for nonsuit was sustained on the ground of fatal variance between the pleadings and proofs and other grounds. I do not think there was any error in the ruling of the court in sustaining this motion, at least

on the ground above indicated, and the judgment should be affirmed.

### ON PETITION FOR REHEARING.

#### (March 16, 1906.)

SULLIVAN, J.—This is a petition for rehearing. The petitioner suggests that the majority of the court have treated the petitioner's motion for nonsuit as made solely upon the ground of failure of proof and not as a motion made upon the ground of fatal variance between the allegations and the proof. In that, counsel for petitioner is mistaken. It is admitted by counsel that the motion for nonsuit involved two questions: (1) Whether the defendant had been actually misled to her prejudice in maintaining her defense upon the merits because of the variance between the allegations and the proof; and (2) Were the appellants the real parties in interest? While the first point is only inferentially decided by the opinion, the court considered that matter and concluded that the variance between the allegations and proof did not mislead the appellant. Section 4225, Revised Statutes of 1887, provides that whenever it appears that the party has been so misled, the court may order the pleadings to be amended upon such terms as may be just; but it is clear to us that the variance complained of did not mislead the adverse party, and for that reason the court followed the provisions of section 4231, Revised Statutes of 1887, which provides that the court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.

A rehearing is denied.

Ailshie, J., concurs.

Stockslager, C. J., dissents.