(June 26, 1908.)

## COLVIN & RINARD, Appellants, v. BARBARA F. LYONS, Respondent.

[96 Pac. 572.]

NONSUIT—WHEN ERROR TO SUSTAIN—REAL ESTATE BROKERS.

　1. A motion for a nonsuit admits the truth of the plaintiffs' evidence, and every inference of fact that can be legitimately drawn therefrom, and on such motion the evidence must be interpreted most strongly against the defendant.

　2. Where the evidence shows that property is listed with real estate brokers; that they show such property to a prospective purchaser, who contracts to purchase the same, and pays part of the purchase price and takes possession of the property purchased under said contract, the evidence is sufficient to require a submission of said case to the jury, and it is error to grant a nonsuit therein.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

An action to recover commission as real estate brokers. Judgment for defendant on a motion for a nonsuit. Plaintiffs appeal. *Reversed.*

J. F. Colvin, and J. C. Johnston, for Appellants.

A motion for a nonsuit will not be granted where there is any evidence tending to sustain plaintiff's cause of action. (*York v. Pacific & N. Ry. Co.,* 8 Ida. 574, 69 Pac. 1042; *Archibald's Estate v. Matteson,* 5 Cal. App. 441, 90 Pac. 726.)

A motion for a nonsuit should only be granted when the evidence wholly fails to support the demands of the plaintiff. (*Adams v. Bunker Hill & Sullivan Min. Co.,* 12 Ida. 637, 89 Pac. 624; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *McCabe v. Montana Cent. Ry. Co.,* 30 Mont. 323, 76 Pac. 701.)

By such a motion the defendant admits the existence of every fact which the evidence tends to prove, or which can be gathered from any reasonable view of the evidence. (*Hanley v. Cal. Bridge & Const. Co.,* 127 Cal. 232, 59 Pac. 577, 47

L. R. A. 597; *Later v. Haywood,* 12 Ida. 78, 85 Pac. 494; *Gold Stone v. Cold Storage Co.,* 123 Cal. 625, 56 Pac. 776; *Carroll v. Grande Ronde Elec. Ry. Co.,* 49 Or. 477, 90 Pac. 903; *Hercules Oil and Refining Co. v. Hocknell,* 5 Cal. App. 702, 91 Pac. 341, 344.)

On motion for a nonsuit the evidence will be regarded in the light most favorable to plaintiffs, and that which the evidence tends to prove must be taken as proved. (*Pilmer v. Boise Traction Co.,* 14 Ida. 327, 94 Pac. 432; *Doyle v. Eschen,* 5 Cal. App. 55, 89 Pac. 836; *Cummings v. Helena Smelting & Ref. Co.,* 26 Mont. 434, 68 Pac. 852.)

Where a real estate broker claiming commission is the procuring cause of the sale, or where he has closed a sale, or where he has procured a purchaser ready, willing, and able to purchase the property upon the terms and price agreed upon, he is entitled to commissions. (*Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Duncan v. Borden,* 13 Colo. App. 481, 59 Pac. 60; *Northwestern Packing Co. v. Whitney,* 5 Cal. App. 105, 89 Pac. 981; *Smith v. Anderson,* 2 Ida. 537, 21 Pac. 412.)

A real estate broker who carries on negotiations between the parties and finally brings them together is entitled to his commissions, though the trade is eventually effected by the owner himself, or by a third person acting for him. (*Howe v. Warner,* 7 Colo. App. 530, 44 Pac. 511.)

Wilbert H. Tyer, for Respondent.

A contract giving proposed purchaser option to purchase at the price and terms proposed is not such a contract of sale as entitles the broker to commissions as for sale. (*Runyon v. Wilkinson G. Co.,* 57 N. J. L. 420, 31 Atl. 390; *Bennett v. Egan,* 23 N. Y. Supp. 154, 52 N. Y. St. Rep. 437.)

STEWART, J.—This is an action to recover a commission for services as real estate brokers. At the close of plaintiffs' evidence, the defendant moved for a nonsuit, which was sustained by the court, and judgment rendered for the defendant, respondent herein. A motion for a new trial was made and

overruled, and this appeal is from the judgment, and from the order denying a motion for a new trial.

. The important question presented upon this appeal is: Did the court err in granting the motion for a nonsuit? The evidence shows that Mrs. Lyons listed certain property with the plaintiffs for sale; that plaintiffs informed the defendant at the time that, if the property was sold for $1,250, their commission would be $50; that after said property was listed with plaintiffs, they showed the same to a number of parties, among whom was one Milton Smith; that Mr. Smith thought he should have it $100 cheaper, and later decided to take the property at the price fixed by the defendant, $1,250; that, as part of the purchase price, he paid the plaintiffs $10, which the plaintiffs paid over to the defendant, Mrs. Lyons, and took her receipt therefor in the following words:

"Boise, Idaho, May 14th, 1907.

"Received of Milton Smith cash ten dollars, deposit on purchase price of house and lot on North Tenth street, No. 2009. The purchase price of which is $1,250.00 and the papers are to be made out at once.  $10.00.  (Signed)

"BARBARA F. LYONS."

She delivered the abstract to plaintiffs and they had it brought up to date, and took it back to her after the payment of the $10 on the purchase price.

It is further shown that the tenant of Mrs. Lyons turned the keys over to Milton Smith, the purchaser, and he took possession of the property purchased.

· The only evidence, which in any way impeaches this sale is a portion of the evidence of Mr. Colvin on cross-examination as to a conversation had with the respondent at the time he took the abstract back to the respondent and after the payment of the $10 referred to, in which he testifies:

"She said something about Jarvis and Smith—she said that Jarvis and Milton Smith had just been there—in fact I met them coming up—'Mr. Jarvis has been here,' she says, 'and Mr. Smith won't take the property unless it is through Jarvis.'"

"Did she tell you that Mr. Smith refused to take the property?"

"She told me he wouldn't take it, unless he got it through Mr. Jarvis."

"Did she tell you he refused to deal through your firm any longer?"

"No, sir; she did not.    She did not tell me that I had played a trick on her.    She said Smith had played a trick on her."

This conversation, it will be seen, was a mere statement on the part of the respondent as to what she said Smith had told her.    It was not a statement by Smith.    It was not evidence that Smith refused to take the property.    In fact, at this time he had paid part of the purchase price, had taken possession, and was then in possession.

The question presented by the pleadings was: Did the plaintiffs perform services for the defendant as real estate brokers, and if so, were they entitled to compensation as such?    The evidence presented a case clearly for the jury.    It showed that the respondent listed the property with the appellants; that they showed the property to a prospective purchaser; that he said he would take the property; that he paid part of the purchase price thereon; that he took possession under said contract of purchase and was in possession.    This certainly presented an issue as to whether or not the parties made the sale.    It was sufficient to justify the submission of said question to the jury, and it was clearly error on the part of the court to sustain a nonsuit and withdraw said case from the jury.    A motion for a nonsuit admits the truth of plaintiffs' evidence, and every inference of fact that can be legitimately drawn therefrom, and on such motion the evidence must be interpreted most strongly against the defendant.    (*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494; *Pilmer v. Boise Traction Co.,* 14 Ida. 327, 94 Pac. 432, 15 L. R. A. (N. S.) 254.)    Under this motion, then, the plaintiffs' evidence, and every inference of fact that could be legitimately drawn therefrom, must be admitted.    Applying this rule to the evidence, it certainly showed that the plaintiffs were engaged as real estate brokers by the defendant and that they made a sale of the property

listed for sale. If so, they were entitled to their commission. (*Smith v. Anderson,* 2 Ida. 537, 21 Pac. 412; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490.)

Counsel for appellant also argued, upon the hearing of this case, the question as to the sufficiency of the motion for a nonsuit, contending that the motion for a nonsuit was not specific, and did not point out the particulars in which the evidence failed to sustain the allegations of the complaint, or the particulars in which the same were insufficient to entitle the plaintiffs to recover. Finding it necessary to reverse this case on other grounds, it is not necessary that this particular question be passed upon on this appeal, but in this connection we would suggest that, in making a motion for a nonsuit, counsel should point out specifically the grounds upon which the same is based, and the particulars in which it is claimed the evidence does not support the allegations of the complaint or entitle the plaintiffs to recover.

The judgment is reversed, and a new trial is ordered. Costs awarded to appellants.

Ailshie, C. J., and Sullivan, J., concur.