(April 1, 1912.)

F. D. CULVER, Appellant, v. F. W. KEHL, Respondent.

[123 Pac. 301.]

MOTION FOR NONSUIT—WHEN REVERSED ON APPEAL.

(Syllabus by the court.)

1. It is a settled rule in this state that on a motion made by the defendant for a nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence and all the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant.

2. Where there is evidence introduced for the plaintiff which tends to prove the cause of action as alleged in the complaint, and a *prima facie* case is made by such proof, the evidence is sufficient to go to the jury, and it is error for the court to grant a motion for a nonsuit.

3. Where a cause of action is based upon an oral contract, it is proper for the respective parties to prove the conversations had between the parties subsequent to the time the contract is made for the purpose of showing whether there has been a breach of the provisions of such contract, and where demand is shown to have been made for the payment of the amount claimed under the contract, it is error to exclude testimony showing the conversation between the parties at the time such demand is made.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

An action to recover a debt. *Reversed.*

Black & Wernette, for Appellant.

Motion for nonsuit should be denied unless the evidence wholly fails to show a right of recovery. (*Small v. Harrington,*

10 Ida. 499, 79 Pac. 461; *Idaho Comstock M. & M. Co. v. Lundstrom,* 9 Ida. 257, 74 Pac. 975; *York v. Pacific & N. Ry. Co.,* 8 Ida. 574, 69 Pac. 1042.)

The nonsuit should be denied when there is any evidence tending to sustain plaintiff's case, without passing on the question of the sufficiency of the evidence. (*Felton v. Millard,* 81 Cal. 540, 21 Pac. 533, 22 Pac. 750; *Zilmer v. Gerichten,* 111 Cal. 73, 43 Pac. 408.)

Whitla & Nelson, for Respondent.

The minds of the parties never met in agreement on any contract with regard to the second cause of action, and damages resulting from the defendant's failure to take it would be too remote and indefinite and uncertain in amount to enter into the contemplation of the parties when the alleged contract was made. (*Guetzkow Bros. & Co. v. Andrews,* 92 Wis. 214, 53 Am. St. 309, 66 N. W. 119, 52 L. R. A. 209; *Bradley v. Railway Co.,* 94 Wis. 44, 68 N. W. 410; *Serfling v. Andrews,* 106 Wis. 78, 91 N. W. 991.)

STEWART, C. J.—This is an action brought by the plaintiff to recover from the defendant the sum of $800. Two causes of action are stated. The first to recover upon a claim for $300 alleged to have been assigned to the plaintiff by one R. C. Sims; the second to recover the sum of $500 alleged to be due for breach of contract in the sale of certain scrip alleged to have been made by plaintiff to defendant. The answer puts in issue every material allegation of the complaint.

A jury was called to try the case and the plaintiff offered his proof in support of the allegations of the complaint, and at the close of plaintiff's evidence a motion for nonsuit was made upon the ground that there was not sufficient evidence introduced by the plaintiff in support of either cause of action to justify submitting the cause to the jury. The trial court sustained this motion and judgment was rendered against the plaintiff dismissing said action and for costs. From this judgment this appeal is taken.

The only question for consideration, therefore, is: Did the trial court err in granting the motion for a nonsuit?

It is now the well-settled rule in this state that on a motion by the defendant for a nonsuit after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence and all the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant. (*Later v. Haywood*, 12 Ida. 78, 85 Pac. 494; *Allen v. Phoenix Assur. Co.*, 12 Ida. 653, 10 Ann. Cas. 328, 88 Pac. 245, 8 L. R. A., N. S., 903; *Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Colvin & Rinard v. Lyons*, 15 Ida. 180, 96 Pac. 572; *Mineau v. Imperial Dredge etc. Co.*, 19 Ida. 458, 114 Pac. 23.)

We have carefully examined the evidence, and are clearly satisfied that there is some evidence in the case which tends to prove both causes of action as set forth in plaintiff's complaint, and that the plaintiff proved a *prima facie* case upon each cause of action, and that the evidence was sufficient to go to the jury, and that the court erred in granting the motion for a nonsuit. Inasmuch as the cause must be retried, we have refrained from discussing the evidence.

During trial of the case objection was made to questions asked the witness Sims with reference to the contract made between the plaintiff, the defendant and Sims, with reference to the sale of the claims out of which this action arose. These questions, we think, were all proper as they related to the contract and the conversations that were had between the parties as to carrying out the said contract, and should have been admitted. The following question was asked the witness Sims: "Did you ever demand of Mr. Kehl the payment of that $300, Mr. Sims?" An answer was made and upon motion stricken out, and this is assigned as error. This question should have been allowed. It was perfectly proper to show the demand made and the conversation between the parties. It was the debt for which plaintiff in this case asks to recover, and the conversation was between the defendant

and the assignor of the plaintiff, and related to the subject matter of the cause of action. Other questions of similar import to which objection was made should also have been admitted. The plaintiff was asked: "At the time the scrip was taken up, Mr. Culver, did he—that is, for the Sims claim—did he pay you for the scrip you had delivered at that time?" Answer was made to this question and stricken out and error assigned. This question was proper as it tended to show the nature of the contract made between the parties. The following question was also asked of plaintiff: "After the fractional scrip had been withdrawn, Mr. Culver, did you then afterwards get any other scrip for Mr. Kehl of any kind for the Parkhurst claim?" Answer was made to this and also stricken, and error assigned. This question was proper and should not have been stricken as the witness' answer was material, as it related to the contract made between the parties and tended to show whether or not there was a breach of said contract.

The judgment is *reversed* and a new trial is granted. Costs awarded to appellant.

Ailshie and Sullivan, JJ., concur.