(January 21, 1915.)

THE SOUTHERN IDAHO CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS, a Corporation, Appellant, v. THE HARTFORD FIRE INSURANCE CO., a Corporation, Respondent.

[145 Pac. 502.]

POLICY OF INSURANCE—NONSUIT—EVIDENCE—SUFFICIENCY OF—REJECTION OF EVIDENCE—PROOF OF LOSS—WAIVER OF.

1. Upon motion for nonsuit, as provided by sec. 4354, Rev. Codes, the defendant admits the existence of every fact which the evidence tends to prove or which could be gathered from any reasonable view of the evidence, and plaintiff is entitled to the benefit of all inferences in his favor which the jury would be justified in drawing from the testimony.

2. The refusal of the court to admit certain evidence on the trial *held* reversible error.

3. Where a waiver of proof of loss is an issue in a case, all evidence tending to establish such waiver ought to be admitted.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Charles P. McCarthy, Judge.

Action to recover on a policy of insurance. Judgment of nonsuit for the defendant. *Reversed.*

Richard H. Johnson, for Appellant.

The rule of law which governs on a motion for nonsuit is clearly laid down by this court in *Later v. Haywood,* 12 Ida. 78, 85 Pac. 494, and *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497, to the effect that such a motion admits the existence of every fact in favor of the plaintiff which the evidence tends to prove or which could be gathered from any reasonable view of the evidence.   (See, also, *Shank v. Great Shoshone & Twin Falls Water Power Co.,* 205 Fed. 836, 124 C. C. A. 35; *Culver v. Kehl,* 21 Ida. 596, 123 Pac. 301; *Allen v. Phoenix Assur. Co.,* 12 Ida. 653, 88 Pac. 245, 10 Ann. Cas. 328, 8 L. R. A., N. S., 903; *Pratt v. Dwelling-House Fire Ins. Co.,* 130 N. Y. 206, 29 N. E. 118.)

An agreement to renew insurance in force is presumed to have reference to the terms and conditions of the existing policy.   (19 Cyc. 630, and cases cited in note 33.)

Where plaintiff's last insurance was had with the defendant insurance company through the same agent, the word "renew" in an oral contract with such agent to renew the insurance sufficiently designates the company, as well as the property to be insured, and the terms of the policy.   (*Abel v. Phoenix Ins. Co.,* 62 N. Y. Supp. 218, 219, 47 App. Div. 81.)

In the following cases there was less evidence than in the case at bar to show a contract of insurance, and in all of them the court held that the question was one for the jury to determine: *Smith v. Provident Sav. Life Assur. Soc.,* 65 Fed. 765, 13 C. C. A. 284; *Dove v. Royal Ins. Co.,* 98 Mich. 122, 57 N. W. 30; *Bowman v. Agricultural Ins. Co.,* 59 N. Y. 521; *Church v. La Fayette Fire Ins. Co.,* 66 N. Y. 222; *Welsh v. Continental Ins. Co.,* 47 Hun (N. Y.), 598; *Hardwick v. State Ins. Co.,* 23 Or. 290, 21 Am. St. 879, 31 Pac. 656; *Long v. North British & M. F. Ins. Co.,* 137 Pa. 335, 21 Am. St. 879, 20 Atl. 1014; *Latimore v. Dwelling-House Ins. Co.,* 153 Pa. 324, 25 Atl. 757; *Nute v. Hartford Fire Ins. Co.,* 109 Mo. App. 585, 83 S. W. 83; *Gerib v. International Ins. Co.,* 1 Dill. 443, Fed. Cas. No. 5298; *Forehand v. Niagara Ins. Co.,* 58 Ill. App. 161; *Phoenix Ins. Co. v. Coffman,* 10 Tex. Civ. App. 631, 32 S. W. 810.

In *Marysville Merc. Co. v. Home Fire Ins. Co.*, 21 Ida. 383, 121 Pac. 1026, the facts are in many respects like the case at bar, and what was said with reference to the agent Kruger in that case applies with equal force to Gardner in this case.

Martin & Martin, for Respondent.

The insurance policy sued upon was properly excluded from evidence, for the reason that appellant·failed to show that there was a contract of insurance at the time of the fire. (Joyce on Insurance, secs. 41, 1459; Kerr on Insurance, sec. 49, p. 107; 2 Clement on Fire Insurance, p. 522; Wood on Insurance, 2d ed., secs. 5, 6, 15.)

"An oral agreement between plaintiff and defendant's agent in regard to renewing a policy of fire insurance in which the amount of the policy to be taken is not fixed does not constitute a binding contract." (*Sater v. Henry County Farmers' Mut. Fire Ins. Co.*, 92 Iowa, 579, 61 N. W. 209; *Michigan Pipe Co. v. Michigan Fire & Marine Ins. Co.*, 92 Mich. 482, 52 N. W. 1070, 20 L. R. A. 277.)

A parol contract of renewal cannot be established by mere negotiation. The minds of the parties must have met upon terms well agreed upon without anything being left for future determination. (2 Clement on Fire Ins., p. 522; *Zigler v. Phoenix Ins. Co.*, 82 Iowa, 569, 48 N. W. 987; *O'Reilley v. Corporation of London Ins. Co.*, 101, N. Y. 575, 5 N. E. 568; *Healey v. Imperial Ins. Co.*, 5 Nev. 268.)

Where at the time of the fire the policy has not been delivered, although written, the contract is *prima facie* incomplete, and the burden is upon the insured to show there was a valid, binding agreement of insurance prior to the fire. (*Ogle Lake Shingle Co. v. National Lumber Ins. Co.*, 68 Wash. 185, 122 Pac. 990; *Stephens v. Capital Ins. Co.*, 87 Iowa, 283, 54 N. W. 140; *Davis Lumber Co. v. Scottish Union & Nat. Ins. Co.*, 94 Wis. 472, 69 N. W. 156; *Ferguson v. Northern Ins. Co.*, 26 S. D. 346, 128 N. W. 125; *New York Lumber etc. Co., v. People's Fire Ins. Co.*, 96 Mich. 20, 55 N. W. 434; *Hartford Fire Ins. Co. v. Whitman*, 75 Ohio St. 312, 79 N. E. 459, 9 Ann. Cas. 218; *Stebbins v. Lancashire*, 60 N. H. 65.)

SULLIVAN, C. J.—This case was decided by this court on May 26, 1914, and a petition for rehearing was thereafter granted and a rehearing had at the January, 1915, term of court.

The action was brought by the plaintiff, the Southern Idaho Conference of Seventh Day Adventists, a corporation, to recover $3,500 on an insurance policy issued by the defendant, the Hartford Fire Insurance Company, a corporation, covering a school building situated near the village of Eagle in Ada county, which building was destroyed by fire on the night of November 21, 1911.

The complaint alleges that said policy was executed and delivered on November 20, 1911, and the payment of premium of $122.50 was made. The answer denies the execution and delivery of the policy, but on the trial counsel for defendant admitted that the policy was signed by the agent, but denied that it was delivered to the plaintiff. The complaint alleges, and it is admitted by the answer, that at all times mentioned in the complaint, Frank M. Gardner was the duly appointed, qualified and acting agent of the defendant Insurance Company, residing at the village of Eagle, and was authorized to solicit and receive applications for fire insurance and that he was duly licensed as such agent by the insurance commissioner of the state of Idaho, and that he was duly authorized by defendant to countersign and deliver for said defendant contracts or policies for insurance against loss or damage by fire, and to receive on behalf of said defendant payment of premiums therefor.

The case was tried by the court with a jury and before plaintiff had completed the introduction of its evidence, the court refused to permit the insurance policy to be introduced in evidence. The plaintiff then offered other evidence to sustain the remaining allegations of the complaint, much of which testimony was offered for the purpose of showing a waiver on the part of the defendant of any want of authority from plaintiff to Gardner to execute the policy, even if such authority had not been fully shown by the testimony theretofore introduced. This evidence was all ruled out by the court

and exceptions taken. The court thereupon sustained a motion for a nonsuit on the part of the defendant and judgment of dismissal was entered against the plaintiff. The appeal is from the judgment.

The assignments of error go to the action of the court in excluding certain evidence offered by the plaintiff and granting a nonsuit at the close of plaintiff's evidence. The motion for nonsuit was granted and judgment of dismissal entered on the ground that no evidence was introduced by the plaintiff showing that the agent of the insurance company had any authority or direction from the plaintiff to execute the policy sued upon, and the court by granting said nonsuit held that it was executed without authority from the plaintiff and therefore did not constitute a binding contract upon the insurance company.

Since in our view of the matter the case must be sent back for a new trial, we shall not comment upon the evidence, but after a careful examination of all the evidence in the record, we are fully satisfied that there was evidence admitted and offered tending to show that the agent of the insurance company was authorized to issue the policy of insurance sued upon in this case, and that it was error for the court to grant a nonsuit and enter a judgment of dismissal.

It is a well-settled rule of this court that on a motion by the defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant is deemed to have admitted all of the facts of which there is any evidence, and all of the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant. (*Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301, and authorities there cited; *Shank v. Great Shoshone & Twin Falls Water Power Co.,* 205 Fed. 833, 836, 124 C. C. A. 35.)

The policy of insurance on which this action was based was offered in evidence and rejected by the court. That was error. The policy should have been admitted. Other evidence tending to show the understanding or agreement between the insured and the agent of the insurer was offered and rejected

by the court.   All evidence ought to be received that tends to sustain the material allegations of the complaint.

The record shows that the proof of loss was not made within sixty days after the fire, and the question will be presented on a retrial as to whether the failure to make such proof precludes a recovery in this case.   The evidence offered showing or tending to show a waiver by the company of making the proof of loss within the sixty days ought to be received on the trial.

The above is sufficient to indicate the views of the court upon the points discussed.

For the reasons above given, the judgment must be reversed and a new trial granted, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.   Costs awarded in favor of appellant.

Budge and Morgan, JJ., concur.