(March 8, 1918.)

## O. U. DONOVAN, Appellant, v. BOISE CITY, a Municipal Corporation, Respondent.

[171 Pac. 670.]

DAMAGES FOR PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—NON-SUIT.

   1. A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it.

   2. Contributory negligence is generally a question of fact for the jury and only becomes one of law, authorizing a nonsuit, when the evidence introduced on behalf of the plaintiff is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury, and that, because of

his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances.

[Mere scintilla of evidence as sufficient to justify submission of cause to jury, see note in **Ann. Cas.** 1914B, 472.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action for damages. Judgment for defendant. *Reversed.*

Laurel E. Elam, for Appellant.

The proper inquiry is, admitting all the facts which plaintiff's evidence tends to prove and every inference of fact that can be legitimately drawn therefrom, might different minds reasonably come to different conclusions? If so, a nonsuit is not proper. (1 Hayne, New Trial and Appeal, sec. 117.)

"When the facts are disputed, or more than one inference can be fairly drawn from them as to the care, or want of care, of the plaintiff, the question of contributory negligence is for the jury." (7 Ency. of Law, 456; 29 Cyc. 634.)

"The question [of contributory negligence] becomes one of law authorizing its withdrawal from the jury only when but one conclusion can be drawn from the undisputed facts." (*Jackson v. Grand Forks,* 24 N. D. 601, 140 N. W. 718, 45 L. R. A., N. S., 75, 83; *McCarthy v. Clark,* 115 Md. 454, 81 Atl. 12; *Nesbitt v. Greenville,* 69 Miss. 22, 30 Am. St. 521, 10 So. 452.)

"But if his own proof shows *conclusive* contributory negligence, he is liable to nonsuit, and if his own proof leaves it doubtful, it is a question for the jury." (*Prideaux v. Mineral Point,* 43 Wis. 513, 28 Am. Rep. 558; *Knight v. Des Moines,* 155 Iowa, 299, 135 N. W. 1089; *Burger v. Missouri Pac. Ry. Co.,* 112 Mo. 238, 34 Am. St. 379, 20 S. W. 439.)

"Contributory negligence, being an affirmative defense, cannot be considered on a motion for a nonsuit at the close of plaintiff's main case." (*Powell v. Southern Ry. Co.,* 125 N. C. 370, 34 S. E. 530; *Carter v. Oliver Oil Co.,* 34 S. C. 211, 27 Am. St. 815, 13 S. E. 419.)

On a motion of nonsuit the defendant admits all the facts which the evidence of plaintiff tends to prove, and the evidence must be interpreted most strongly against the defendant. (*Later v. Haywood*, 12 Ida. 78, 85 Pac. 494; *Colvin & Rinard v. Lyons*, 15 Ida. 180, 96 Pac. 572; *Culver v. Kehl*, 21 Ida. 595, 597, 123 Pac. 301; *Southern Idaho Adventists v. Hartford F. Ins. Co.*, 26 Ida. 712, 716, 145 Pac. 502; *Shank v. Great Shoshone & T. F. W. P. Co.*, 205 Fed. 833, 841, 124 C. C. A. 35; *Pilmer v. Boise Traction Co.*, 14 Ida. 327, 329, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.)

S. L. Tipton and Perky & Brinck, for Respondent.

Obviously the plaintiff's evidence may tend to show clearly the existence of contributory negligence, and if this is true, though no more evidence be introduced, the plaintiff cannot win, nor is there any matter for consideration by the jury, since contributory negligence thus shown bars any possibility of recovery. Upon a motion for nonsuit, therefore, there is raised the issue whether, upon a consideration of the plaintiff's evidence and legitimate inferences therefrom, the plaintiff has made out a sufficient case for the jury. (*Culver v. Kehl*, 21 Ida. 595, 123 Pac. 301; *Lewis v. Lewis*, 3 Ida. 645, 33 Pac. 38.)

MORGAN, J.—This action was commenced by appellant to recover damages for injuries to his person and property resulting from an accident which, he contends, was caused by the negligence and wrongful act of respondent. At the close of the introduction of evidence upon appellant's part a motion for nonsuit was sustained upon the ground that the evidence showed the accident resulted directly and proximately from his own negligence. Judgment was entered accordingly and the case is before us upon appeal therefrom.

It appears that about 9 o'clock on the evening of September 30, 1913, while appellant was riding on a motorcycle in an easterly direction on the south side of Warm Springs Avenue, one of the residence streets in Boise City, he collided with a team and wagon in charge of, and being driven by,

an employee of respondent along the same side of the street on which appellant was traveling, but in the opposite direction. It further appears that as a result of the collision the team was frightened and trampled upon or kicked appellant; also that some damage was done to his motorcycle. It is his contention that the wrongful act and negligence upon the part of respondent consisted in its agent and employee driving the team, which was being used in street cleaning work, on the wrong side of the street; that had it proceeded on the other side, in the direction it was going, or had it been going in the opposite direction, on the side it occupied, the accident would not have occurred. The evidence further discloses that shortly prior to the collision appellant was traveling about 13 or 14 miles an hour; that his engine began to work badly, by reason of some obstruction in the carburetor, and that in order to correct it he changed from high to low speed and flooded the carburetor, which caused him to look down momentarily, and reduced his velocity to about 8 or 10 miles an hour; that when he was about 75 feet from the place of the accident he looked up and was, at that time, under an arc-light, had returned to high speed and was again going 13 or 14 miles an hour. He testified: "I probably went, oh, I should judge, 55 or 60 feet, until I noticed the team directly in front of me. The horses' heads appeared to be coming towards me, and after passing out from under the glare of the arclight it is hard for a few seconds to see anything, after you get outside of the ring thrown by the light. The horses were coming towards me. I turned my machine toward the sidewalk and put my engine free and put on the brake, and was almost stopped when the team struck me."

Respondent's motion for nonsuit and the trial court's observations in ruling upon it indicate that the acts of negligence relied upon consisted of the speed at which appellant was traveling, the fact that he had, a short time prior to the accident, adjusted his engine while the motorcycle was in motion, and that by ordinary care and observation he would have seen the team and wagon in time to have avoided the collision. The record does not disclose that the rate of speed

at which appellant was traveling was unusual for drivers of motor vehicles in that part of the city. The evidence shows the adjustment of the engine was completed at a time when appellant was about 75 feet from the team and that it is customary for motorcyclists to remove obstructions from the carburetors of their engines while the machines are in motion and in the manner adopted by appellant. With respect to his conduct immediately prior to and at the time of the accident, appellant testified, upon cross-examination: "Q. You think you could stop it in 15 or 18 feet? A. Yes, sir. Q. When you first saw the wagon did you put on the brake? A. Yes, sir; just the minute I seen them directly in front of me I put on the brake. Q. And you were then not more than 15 or 18 feet away from them? A. Just about 15 feet. Q. Had you been looking in front of you? A. Yes, sir. Q. And you didn't see the wagon till you were 15 or 18 feet away from it? A. I didn't see the wagon until I was about 15 feet away from it."

A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it. (*Later v. Haywood*, 12 Ida. 78, 85 Pac. 494; *Pilmer v. Boise Traction Co., Ltd.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Colvin & Rinard .v. Lyons*, 15 Ida. 180, 96 Pac. 572; *Culver v. Kehl*, 21 Ida. 595, 123 Pac. 301; *Southern Idaho Adventists v. Hartford Fire Ins. Co.,* 26 Ida. 712, 145 Pac. 502; *Shank v. Great Shoshone & Twin Falls W. Pw. Co.*, 205. Fed. 833, 124 C. C. A. 35.)

Contributory negligence is a matter of defense. (Sec. 4221, Rev. Codes.) It is generally a question of fact for the jury and only becomes one of law, authorizing a nonsuit, when the evidence introduced on behalf of the plaintiff is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury, and that, because of his negligence and carelessness, he did

not act as a reasonably prudent person would have acted under the circumstances. (29 Cyc. 631; *Jackson v. City of Grand Forks,* 24 N. D. 601, 140 N. W. 718, 45 L. R. A., N. S., 75.)

It cannot be said, from the evidence introduced by appellant, as a matter of law, that he was negligent. The ruling on the motion for nonsuit was erroneous. The judgment is reversed. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.