(No. 5837.  February 16, 1935.)

WILLIAM H. MILLER and CECILE HELEN MILLER, in Their Own Behalf, and WILLIAM GEORGE MILLER, a Minor, Appearing Herein by His Guardian ad Litem, WILLIAM H. MILLER, Appellants, v. GOODING HIGHWAY DISTRICT, a Municipal Corporation, Respondent.

[41 Pac. (2d) 625.]

A. H. Wilkie and B. H. Miller, for Appellants.

A. F. James, for Respondent.

BUDGE, J.—Appellants brought this action against the Gooding Highway District to recover damages on account of injuries received and suffered by William George Miller, a minor, caused by the explosion of a dynamite cap taken by young Miller from a building owned by respondent. In this connection the facts are substantially as follows: Respondent owns and maintains a yard enclosed by a high board fence with a gate, within the corporate limits of the city of Gooding. The building entered is located in the northeast corner of the enclosure. It had two windows, both of which were some distance above the ground, and two doors, one of which locked on the inside. On September 23, 1929, William George Miller, then nine years old,

past, and one Adrian Thomas, a boy about ten years old, were playing in the vicinity of respondent's enclosure. The gate was closed but the boys found an opening adjoining the building in the northeast corner, through which they entered. After playing around a short time, there is evidence in the record, they climbed upon a piece of machinery, then on a gravel screen and finally through the window into the building. The evidence is in conflict as to whether one of the boys threw a rock through the window, breaking the glass, before they entered. It further appears that young Miller got upon a shelf in the building, which shelf was five and one-half to seven feet above the floor, and proceeded to remove various and sundry articles from the shelf by handing them to young Thomas. Among the articles removed were dynamite caps. There is dispute in the evidence as to whether or not these dynamite caps were in a wooden box filled with sawdust or were in a tin can. After possessing themselves of the dynamite caps and a box of fuse the boys left the building, leaving the fuse near the building and within the enclosure, but carrying the caps some little distance away where they left them until the following evening. There is some evidence that an effort was made by young Miller to explode one of the caps by placing grass upon it and touching a match to the grass, and that while so engaged he was approached by a larger boy who warned him that the cap might blow up and kill him. There is also some evidence that young Miller attempted to explode one of the caps to blow up a stump. However, the possession of the caps by young Miller subsequently resulted in his picking at one of them with a wire, exploding it and seriously injuring him in and about the body and further resulting in the loss of one of his hands. There is evidence that children of the neighborhood frequently played on a pile of sand a short distance outside of respondent's enclosure and that some children of the neighborhood had played upon machinery within the enclosure, the enclosure being used, in part, for the purpose

of storing trucks, graders and other highway machinery. There is also evidence to the effect that the gate to the enclosure was frequently left open. We have not recited all the facts and circumstances, but, we think, enough of the pertinent facts for the determination of the questions before us.

The case was tried before the court and a jury. After appellants submitted their evidence and rested, respondent moved for a nonsuit, which was granted. This appeal is from the judgment on the motion, and the court's action in this respect is the only error assigned.

The principal question presented is whether or not there was sufficient competent evidence submitted to the court and jury upon which liability could be established against respondent and in favor of appellants. In granting the motion for nonsuit the trial court's theory no doubt was that appellants had failed to make out a *prima facie* case and that no recovery could be had under the facts submitted, whereupon the jury was discharged from further consideration of the cause. A motion for nonsuit, being equivalent to a demurrer to the evidence, must be tested by that version of the evidence most favorable to plaintiff. The general rule would seem to be that trial courts should act cautiously and should carefully scrutinize all of the evidence before granting a motion for nonsuit. The rule announced in this jurisdiction is that: On a motion by defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove. (*Later v. Haywood*, 12 Ida. 78, 85 Pac. 494.) This rule has been somewhat amplified in later decisions of this court as will be hereafter noted.

"It is a well-settled rule of this court that on a motion by the defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant is deemed to have admitted all of the facts of which there is

any evidence, and all of the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant." (*Southern Idaho Conference Assn. of Seventh Day Adventists v. Hartford F. Ins. Co.*, 26 Ida. 712, 145 Pac. 502.) (*Culver v. Kehl*, 21 Ida. 595, 123 Pac. 301.)

"A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it." (*Donovan v. Boise City*, 31 Ida. 324, 171 Pac. 670.) (*Hendrix v. City of Twin Falls*, 54 Ida. 130, 29 Pac. (2d) 352; *Denton v. City of Twin Falls*, 54 Ida. 35, 28 Pac. (2d) 202; *First National Bank v. Stringfield*, 40 Ida. 587, 235 Pac. 897; *Young v. Washington Water Power Co.*, 39 Ida. 539, 228 Pac. 323; *Coulson v. Aberdeen-Springfield Canal Co.*, 39 Ida. 320, 227 Pac. 29; *Schleiff v. McDonald*, 37 Ida. 423, 216 Pac. 1044; *Brauner v. Snell*, 35 Ida. 243, 205 Pac. 558; *Testo v. Oregon-Washington R. & Nav. Co.*, 34 Ida. 765, 203 Pac. 1065; *Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711; *McKenna v. Grunbaum*, 33 Ida. 46, 190 Pac. 919.)

"Upon a motion for nonsuit, all reasonable inferences must be indulged in favor of the plaintiff as to any facts which the evidence tends to establish. If there is a conflict in the evidence, or more than one inference may reasonably be drawn therefrom, then the question is for the jury. If, however, only one conclusion can be drawn, it is a matter for the court." (*Scrivner v. Boise Payette Lumber Co.*, 46 Ida. 334, 268 Pac. 19, 21.)

"Reasonable minds might well differ as to whether plaintiff was contributorily negligent as charged in the answer, from the evidence herein, and therefore the motions for nonsuit and directed verdict were properly denied. (*Pipher v. Carpenter*, 51 Ida. 548, 7 Pac. (2d) 589; *Osier v. Consumers' Co.*, 41 Ida. 268, 239 Pac. 735; and see particularly

*Hollaran v. City of New York* [168 App. Div. 469, 153 N. Y. Supp. 447], and *Manthey v. Rauenbuehler,* [71 App. Div. 173, 75 N. Y. Supp. 714].)'' (*Burns* v. *Getty,* 53 Ida. 347, 24 Pac. (2d) 31.)

''A plaintiff should not be nonsuited unless it appears that the evidence in his behalf, upon the most favorable construction the jury would be at liberty to give it, would not warrant a verdict for him. (*Black v. Lewiston,* 2 Ida. 276, 13 Pac. 80; *Lowary v. Tuttle,* 36 Ida. 363, 210 Pac. 1006; *Tipsword v. Potter,* 31 Ida. 509, 174 Pac. 133, 6 A. L. R. 527.)'' (*Wyland v. Twin Falls Canal Co.,* 48 Ida. 789, 285 Pac. 676.)

Appellants seek to recover in this action upon the theory that the keeping of dangerous explosives, in the instant case dynamite caps, in the place and in the manner they were kept by respondent constituted such negligence as would render respondent liable to appellants for the injuries sustained by William George Miller. Negligence, as well as the proximate cause of the injury, are questions of fact for the jury, where the facts, or the inference to be drawn therefrom, are in any degree doubtful or such that fair minded men might reach different conclusions from the facts. (*Tendoy v. West,* 51 Ida. 679, 9 Pac. (2d) 1026; *Kelly v. Troy Laundry Co.,* 46 Ida. 214, 267 Pac. 222; *Hooker v. Schuler,* 45 Ida. 83, 260 Pac. 1027; *Thornton v. Eneroth,* (Wash.) 39 Pac. (2d) 379; *Denver City Tramway Co. v. Wright,* 47 Colo. 366, 107 Pac. 1074; *Richardson v. El Paso C. G. M. Co.,* 51 Colo. 440, 118 Pac. 982; *Edgington v. Burlington etc. R. Co.,* 116 Iowa, 410, 90 N. W. 95, 57 L. R. A. 561; *Mattson v. Minnesota & N. W. R. R. Co.,* 95 Minn. 477, 104 N. W. 443, 111 Am. St. 483, 5 Ann. Cas. 498, 70 L. R. A. 503; *Vills v. City of Cloquet,* 119 Minn. 277, 138 N. W. 33; *Bryan v. Stewart,* 194 Ala. 353, 70 So. 123; *Eves v. Littig Construction Co.,* 202 Iowa, 1338, 212 N. W. 154; *Mathis v. Granger Brick & Tile Co.,* 85 Wash. 634, 149 Pac. 3; *Miami Quarry Co. v. Seaborg Packing Co.,* 103 Or. 362, 204 Pac. 492.) It is contended that the chain of

causation is broken, and that the original negligence, if any, was not the proximate cause of the injury. While the picking of the dynamite cap with the wire may have been the immediate cause, or the nearest cause in point of time, it does not necessarily follow as a matter of law that it was the proximate cause. The rule of law applicable in such a situation is that where the defendant was guilty of original negligence, and, from the evidence, the inference may be reasonably drawn that the original negligence placed in motion the intervening cause of the injury, but that such injury would not have happened if it had not been for the original negligence, the defendant will be held liable. (*Town of Depew v. Kilgore,* 117 Okl. 263, 246 Pac. 606.) Where several causes combine to produce an injury, the last intervening cause is commonly referred to as the immediate cause, although some other agency, more removed in time or space may, in causal relation, be nearer to the result, and thus be the proximate responsible cause. (Black's Law Dictionary, 3d ed., p. 1458; *Folsom-Morris Coal Min. Co. v. De Vork,* 61 Okl. 75, 160 Pac. 64, L. R. A. 1917A, 1290; *Clark v. E. I. Dupont de Nemours Powder Co.,* 94 Kan. 268, 146 Pac. 320, Ann. Cas. 1917B, 340, L. R. A. 1918E, 479; *Missouri, K. & T. Ry. Co. of Texas v. Cardwell,* (Tex. Civ. App.) 187 S. W. 1073; *Miami Quarry Co. v. Seaborg Packing Co., supra.*) The jury would be called upon to determine whether respondent had or had not exercised that degree of care required to be exercised by it to prevent injury to a child of tender years by explosives kept upon its property. If respondent had failed to exercise that degree of care required, the jury would then be called upon to determine whether or not it was the proximate cause of the injury, or whether the obtaining of the explosives in the manner in which they were obtained by William George Miller, the way in which they were handled, and ultimately the picking of the cap with a wire, constituted such an intervening cause or causes as would relieve

respondent of liability. (*Hale v. Pacific Telephone & Tel. Co.*, 42 Cal. App. 55, 183 Pac. 280.)

Liability may be incurred for injuries to a child of tender years by having or leaving dangerous instrumentalities, such as high explosives, upon premises or elsewhere where they are accessible to children. (*Town of Depew v. Kilgore, supra; Folsom-Morris Coal Min. Co. v. De Vork, supra; Clark v. E. I. Dupont de Nemours Powder Co., supra; Mathis v. Granger Brick & Tile Co., supra; Boggess v. King County*, 150 Wash. 578, 274 Pac. 188; *Powers v. Harlow*, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154; *Pittsburgh etc. R. Co. v. Shields*, 47 Ohio St. 387, 24 N. E. 658, 21 Am. St. 840, 8 L. R. A. 464; *Peterson v. Martin*, 138 Minn. 195, 164 N. W. 813; *Birge v. Gardner*, 19 Conn. 507, 50 Am. Dec. 261; *Mattson v. Minnesota & North Wis. R. R. Co., supra; Nelson v. McLellan*, 31 Wash. 208, 71 Pac. 747, 96 Am. St. 902, 60 L. R. A. 793; *Harriman v. Pittsburgh C. & St. L. R. Co.*, 45 Ohio St. 11, 12 N. E. 451, 4 Am. St. 507.) Although there might be no liability with reference to an adult or a child of years of discretion, under like circumstances. (*Union Pac. R. Co. v. McDonald*, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. ed. 434; *New v. Stout*, 98 Okl. 177, 224 Pac. 519; and cases immediately *supra*.) A child without discretion, although a trespasser, occupies a legal attitude similar to that of an adult who is not a trespasser. (*Town of Depew v. Kilgore, supra; Folsom-Morris Coal Min. Co. v. De Vork, supra; City of Shawnee v. Cheek*, 41 Okl. 227, 137 Pac. 724, Ann. Cas. 1915C, 290, 51 L. R. A., N. S., 672.) In such circumstances care and caution must be exercised by the owner or person in charge of such high explosives to prevent children of tender years obtaining possession of such dangerous instrumentality. It by no means follows that a property owner is an insurer of the safety of children who come upon his premises. The degree of care required of persons having the possession and control of dangerous explosives, such as dynamite caps, must be commensurate

with the dangerous character of the article and is greater and more exacting as respects young children. As to such, the care required to be exercised is measured by the maturity and capacity of the child. What would constitute reasonable care with respect to adults might be gross negligence as applied to young children. (*Town of Depew v. Kilgore, supra; Folsom-Morris Coal Min. Co. v. De Vork, supra; Boggess v. King County, supra.*) Whether, under all of the facts and circumstances as are disclosed by appellants' testimony, respondent was negligent in its duty to take such precautions as a reasonably prudent person would have taken under like circumstances is a question of fact for the jury. After a careful and painstaking consideration of the evidence we have concluded that it is of such a character that reasonable minds could well reach different conclusions. In our opinion the evidence, when most favorably construed in favor of plaintiff as required by the rule heretofore repeatedly announced, was sufficient to withstand the assault of a motion for nonsuit.

Since this case must be reversed, with instructions to set aside the judgment and grant a new trial, we have purposely refrained from a detailed discussion of some of the propositions of law urged by respective counsel, but have confined ourselves principally to the pertinent question here involved, namely, whether or not the court erred in granting the motion for nonsuit.

From what has been said it follows that the judgment must be reversed and new trial granted, and it is so ordered. Costs awarded to appellant.

Givens, C. J., Morgan and Holden, JJ., and Koelsch, D. J., concur.

Petition for rehearing denied.